IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED
AUG 12 2011
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| Jennifer Haskins, Administrator of Estate of Ernest Haskins, deceased, | ) ) ) |
| Plaintif, | ) ) |
| v. | ) ) ) ) |
| Washington Adventist Hospital, Inc., | ) ) |
| Defendant. | ) |

Civil Action No. 3:11cv515

## COMPLAINT

**COMES NOW** Jennifer Haskins, Administrator of the Estate of Ernest Haskins, a resident of Virginia, deceased (hereafter "Plaintiff"), files that Complaint against Washington Adventist Hospital, Inc., a Maryland hospital affiliated with Adventist Healthcare Corporation (hereafter "Defendant") and states as follows:

### Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because this matter exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Ernest Haskins is a citizen of the Commonwealth of Virginia.

3. Adventist Healthcare Corporation owned, operated, and managed a hospital in Takoma Park, Maryland trading as Washington Adventist Hospital located in the State of Maryland. The Plaintiff was a patient at that Maryland facility for approximately fifty-two (52) days.

3. At all times and places pertinent to this action, Washington Adventist Hospital was acting through its employees, agents, and/or servants, who were within the scope of their agency and employment with the defendant. As such, the plaintiff invokes the doctrines of *respondeat superior* and **vicarious liability**.

RECEIVED
AUG - 8 2011
CLERK, U.S. DISTRICT COURT

4. The Court has jurisdiction over this matter also because the Defendant not only violated laws in Maryland, but it also violated federal statutes and laws in Virginia. The Defendant transferred the Plaintiff from the State of Maryland to the Commonwealth of Virginia with undocumented, untreated stage II sacral decubitus ulcers (aka pressure sores). 42 U.S.C. § 1395 gives the U.S. District Court jurisdiction over federal violations involving hospitals receiving funds for Medicare and Medicaid Services.

5. On or around March 11, 2011 in the Prince George County Circuit Court in Virginia qualified Jennifer Haskins as the Administrator of Estate of Ernest Haskins, deceased. A copy of the Letter of Qualification is attached as **Exhibit A**.

6. The Plaintiff was treated continuously and without substantial interruption by the defendant from April 9, 2010 through June 10, 2010 for treatment of metastatic multiple myeloma cancer of the spine and a C2 fracture requiring surgery.

<u>Count I</u>

7. During only that period of time, the Plaintiff contracted a **MRSA infection** at the medical facility due to negligence by failing to follow standard of care procedures. In this incident, the Defendant violated the Maryland Nurse Practice Act and multiple federal and state (Virginia and Maryland) statutes.

8. The Defendant has been reprimanded by the State of Maryland for having higher than stage average reported complications such as MRSA infections, pneumonia, and pressure ulcers. A copy of an article from the Washington Examiner is attached as **Exhibit B.**

9. The MRSA infection caused many nursing homes to refuse acceptance of the Plaintiff and his types of care were limited due to the MRSA infection.

10. The MRSA infection limited the visitation of family and friends in fear of contagiousness. Due to the MRSA infection, his grandson at age one could not visit his grandfather, the Plaintiff, at any of the hospitals, including Washington Adventist

Hospital and VCU. The MRSA infection caused emotional hardship on the Plaintiff who was suffering from cancer.

### Count II

11. During that period of time, the Plaintiff sustained stage II sacral decubitus ulcers. His medical records state the following: "large pressure ulcers extending to both buttocks and sacral with stage 2 in two large areas and smaller areas to the lower buttocks." The pressure ulcers serves as *"defacto"* evidence of neglect.

12. The Plaintiff sustained stage II ulcers, experiencing "pain and suffering" as a result of the poor care received from the Washington Adventist Hospital. Affective treatments were not applied in his care for the ulcers at the Defendant's facility. The Defendant failed to refer the Plaintiff for treatment for healing. Therefore, the Maryland State Department of Health and Mental Hygiene issued a citation for that reason.

13. The Defendant was negligent and failed to comply with the standard of care required by the Commonwealth of Virginia and State of Maryland in the following respects:
    a.  The nurses employed by the Defendant failed to prevent, to document, and to treat the Plaintiff for the ulcers resulting from poor care and neglect.
    b.  The Defendant failed to have at wound care specialist employed for handling such matters at that period of time. The State of Maryland Department of Health and Mental Hygiene issued a citation, requiring that the hospital have a wound care specialist available for such matters as part of its Plan of Correction.
    c.  None of the staff, agents, or servants during any of the multiple shifts ever reported the ulcers during the Plaintiff's **fifty-two (52) days** at the hospital.

Therefore, the above-mentioned factors reflected in the medical records and in the Maryland state investigation demonstrate the Defendant did not provide adequate care to the Plaintiff. All the factors serve as *"defacto"* evidence of neglect.

### Count III

14. The stage II sacral decubitus ulcers were not documented, violating Annotated MD Code §19-308.8, 42 U.S.C. § 1395, and Va. Code Annotated §§8.01-581.2 and 8.01-

581.3. The Maryland State Department of Health and Mental Hygiene discovered in its recent investigation of February 2011 that the nurses were aware of the ulcers but failed to document the same. The state agency thus issued a citation for such incident.

### Count IV

15. The Maryland State Department of Health and Mental Hygiene discovered in its February 2011 investigation that nurses on staff did not refer the Plaintiff for healing treatment nor to a physician for any treatment in connection with the ulcers. The Defendant violated multiple federal and state statutes. Therefore, the Maryland state agency issued a citation for the violation.

### Count V

16. The ulcers were not documented on the Transfer of Summary to the Envoy of Stratford Hills nursing home in Virginia. In this incident, the Defendant violated multiple federal and state (Virginia and Maryland) statutes. The Maryland State Department of Health and Mental Hygiene therefore issued a citation for that violation.

17. On June 10, 2010 was transferred by ambulance across state lines approximately **129** miles during <u>evening rush-hour in the Washington, D.C. Metropolitan Area</u> from Takoma Park, Maryland to Richmond, Virginia **<u>without proper treatment, wound precautions, or instructions on the stage II ulcers</u>**. The Defendant did not provide instructions to the ambulance crew for the patient to be positioned on his side for the almost five (5) hour drive. It appeared that the Defendant attempted to "cover up" the Plaintiff's injuries by transferring him directly to a nursing home without mention of the pressure bed sores.

18. The Plaintiff did not receive actual treatment for such ulcers until after he was examined upon his admission at Envoy of Stratford Hills Nursing Home on June 10, 2010.

19. On or around June 28, 2010, the nursing home eventually transferred the Plaintiff to VCU for acute care. Having fowl order associated with the pressure sores, Dr. Patel, a plastic surgeon of VCU, decided that the Plaintiff needed a debridement procedure

performed on the stage II ulcers. Thus, the Plaintiff eventually underwent a bedside debridement procedure at the medical university on July 2, 2010.

20. The stage II large and smaller ulcers on both buttocks got worse and and they evolved to stage IV, exposing the bone.

**THEREFORE,** as a direct and proximate result of the Defendant's medical negligence, the Plaintiff contracted MRSA infection.

**THEREFORE,** as a direct and proximate result of the Defendant's medical negligence and intentional tort, the Plaintiff suffered with an untreated stage II ulcers which evolved to stage IV level. The Defendant was transferred from Takoma Park, Maryland to Richmond, Virginia with ulcers ("bedsores" on both buttocks).

**WHEREFORE,** Jennifer Haskins, Administrator of Estate of Ernest Haskins (deceased), a citizen of Virginia, prays that this Court issue a judgment against the Defendant in the amount of **THREE HUNDRED THOUSAND ($300,000.00)** with interest from June 10, 2010 for general and punitive damages.

**TRIAL IS DEMANDED**

Jennifer Haskins, Administrator of the
Estate of Ernest Haskins, Deceased

_____
Signature