IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JENNIFER HASKINS, ADMINISTRATOR OF ESTATE OF ERNEST HASKINS. | * * * | |
| Plaintiff, | * * | |
| v. | * * | Civil No.: PJM 12-123 |
| WASHINGTON ADVENTIST HOSPITAL, INC. | * * * | |
| Defendant. | * * | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Jennifer Haskins ("Mrs. Haskins"), acting as Administrator of the Estate of Ernest Haskins (her late husband), has sued Washington Adventist Hospital, Inc. (the "Hospital"), alleging seven counts of medical malpractice and seeking $300,000 in damages. The case, initially filed in the U.S. District Court for the Eastern District of Virginia, was transferred to this Court following a finding in the Virginia court that personal jurisdiction over the Hospital in Virginia was lacking.

This Court now considers the Hospital's Motion to Dismiss the Amended Complaint for failure to comply with the Maryland Health Care Claims Act, MD. CODE ANN., CTS. & JUD. PROC. §§ 3–2A–01 *et seq.* and failure to state a claim [Docket No. 53].[1] For the following reasons, the Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**.

**I.**

Mrs. Haskins alleges the following facts.

---

[1] Mrs. Haskins's opposition to the Hospital's Motion is styled as a Motion for Default Judgment [Docket No. 54]. As there has been no default in this case, Mrs. Haskins's Motion is **DENIED**.

On April 9, 2010 Ernest Haskins, a Virginia resident, began treatment at Washington Adventist Hospital for metastatic multiple myeoloma cancer of the spine and a spinal fracture. His treatment, including a surgical procedure, continued through June 10, 2010.

During his stay at the Hospital, the nursing staff allegedly failed to follow certain standard of care procedures, causing Haskins to contract an MRSA infection[2]. Because of the contagion risk posed by the infection, numerous nursing homes thereafter refused to accept Haskins, thus limiting his treatment options. His grandson, moreover, was unable to visit him, causing Haskins emotional distress. Additionally, while at the Hospital, Haskins sustained stage II sacral decubitus ulcers, resulting in extensive pain and suffering. Mrs. Haskins alleges that the Hospital's failure to prevent, document, report and treat the ulcers violated various statutes and regulations, and resulted in the Maryland State Department of Health and Mental Hygiene issuing a citation to the Hospital. Mrs. Haskins also alleges that the Hospital received citations and reprimands for failing to have a resident wound care specialist and for having a higher than average incidence of reported complications such as MRSA infections, pneumonia, and pressure ulcers.

On June 10, 2010, Haskins was transferred by a third-party ambulance from the Hospital in Takoma Park, Maryland to the Envoy of Stratford Hills Nursing Home in Richmond, Virginia, a distance of 129 miles. The trip lasted five hours. Despite Haskin's precarious health, the Hospital allegedly failed to inform the ambulance crew of his condition and neglected to document the ulcers on the "transfer summary" provided to the Virginia facility. This omission allegedly violated multiple statutes and regulations, earning the Hospital yet another citation from the Maryland Department of Health. Haskins received no treatment for his ulcers until his

---

[2]  "MRSA" stands for Methicillin-resistant Staphylococcus Aureus, a bacterium causing certain infections.

examination upon admission at the Virginia nursing home. His ulcers deteriorated further and he eventually required debridement surgery at Virginia Commonwealth University Hospital on July 2, 2010.

Haskins died thereafter, and Mrs. Haskins was certified as Administrator of his estate on March 11, 2011.[3] This suit began in Virginia on August 12, 2011. The Hospital asks the Court at this early stage to dismiss the case for failure to exhaust administrative remedies.[4]

**II.**

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," *Erickson v. Padres*, 551 U.S. 89, 94 (2007), which require only that a plaintiff submit "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). A plaintiff may not, however, rely on naked assertions, speculation, or mere legal conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). When a defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must evaluate the complaint's sufficiency, viewing all well-pleaded factual allegations as true and construing them in the light most favorable to the plaintiff. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive such a motion, the plaintiff must present enough factual content to render his claim "plausible on its face," i.e., to enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[3] The Complaint does not assert that Haskins died as a result of the Hospital's alleged negligence, nor does it identify the date or cause of death. Such information would clearly have implications for the scope of the asserted claims.

[4] The Hospital has moved to dismiss the Amended Complaint for failure to satisfy provisions of the Maryland Health Care Claims Act and failure to state a claim. Because the provisions of the statute at issue operate as a condition precedent to instituting a court action, *see Lewis v. Waletzky*, 422 Md. 647, 650, 31 A.3d 123, 125 (2011), the Court treats its motion as a Motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6).

A plaintiff proceeding *pro se* is held to "less stringent standards" than is a lawyer, and the Court must construe his claims liberally, no matter how "inartfully pleaded." *Erickson*, 551 U.S. at 94. Nevertheless, even a *pro se* complaint must meet a minimum threshold of plausibility. *See O'Neil v. Ponzi*, 394 F. App'x 795, 796 (2d Cir. 2010).

### III.

"Medical malpractice cases in Maryland are governed by the Health Care Malpractice Claims statute." *Lewis v. Waletzky*, 422 Md. 647, 650, 31 A.3d 123, 125 (2011) (citing MD. CODE ANN., CTS. & JUD. PROC. §§ 3–2A–01 *et seq.* ("the Act")). The Act covers any and all claims and actions "by a person against a health care provider for medical injury allegedly suffered by the person in which damages of more than [$30,000] are sought." MD. CODE ANN., CTS. & JUD. PROC. § 3-2A-02; *see also Brown v. Rabbitt*, 300 Md. 171, 175, 476 A.2d 1167, 1169-70 (1984) ("If health care is or should be rendered and damage results therefrom, then it is a claim under the Act."). The Act defines "health care provider" to include "a hospital" and defines "medical injury" as "injury arising or resulting from the rendering or failure to render health care." MD. CODE ANN., CTS. & JUD. PROC. § 3-2A-01(f)(1), (g).

Under the Act, any person "having a claim against a health care provider for damage due to a medical injury" must file that claim with the Director of the Health Care Alternative Dispute Resolution Office. *Id.* § 3-2A-04(a)(1)(i); *see also Tranen v. Aziz*, 304 Md. 605, 611, 500 A.2d 636, 639 (1985) ("The legislature has fashioned through the Health Care Malpractice Claims Act a mandatory framework for the resolution of health claims."). "Although the Act has been amended to allow a plaintiff to unilaterally waive the Act's arbitration requirement, the Act still requires a potential plaintiff to file her claim and a certificate of qualified expert with HCADRO and to follow specific procedures for waiver of

arbitration *prior* to filing her claim in state or federal court." *Lewis v. Waletzky*, 576 F. Supp. 2d 732, 736 (D. Md. 2008), *aff'd*, No. 09-1251, 2012 WL 1406292 (4th Cir. Apr. 24, 2012) (emphasis in original) (citing *Tranen*, 304 Md. 605, 500 A.2d at 639; *Goodwich v. Nolan*, 343 Md. 130, 680 A.2d 1040, 1050 n.13 (1996); MD. CODE ANN., CTS. & JUD. PROC. §§ 3-2A-04(a) & (b)(1), 3-2A-06B). Filing this claim is a "condition precedent to initiating suit in Maryland state courts and federal courts located in Maryland." *Lewis,* 422 Md. at 650, 31 A.3d at 125 (citing *Carroll v. Konits*, 400 Md. 167, 181, 929 A.2d 19, 28 (2007)).

In the present case, Mrs. Haskins's claims are unquestionably subject to the requirements of the Health Care Malpractice Claims Act. She asserts claims against the Hospital (a health care provider) for the alleged negligent treatment of her husband's illness (a medical injury) for damages exceeding $30,000.[5] She concedes that she did not file her claim with the Director of the Health Care Alternative Dispute Resolution Office before instituting the present action. Nevertheless, she argues that this administrative requirement only pertains to suits filed in state, not federal, court. Mrs. Haskins misapprehends the law. It is well established that this administrative precondition to litigation applies in both state and federal court. *See Lewis,* 422 Md. at 650, 31 A.3d at 125; *Rowland v. Patterson*, 882 F.2d 97, 99 (4th Cir. 1989) (explaining that Maryland's statutory requirement of arbitration as a precondition to legal action must be enforced by federal courts sitting in diversity) (citing *Davison v. Sinai Hosp. of Baltimore*, 462 F. Supp. 778, 779-80 (D. Md. 1978), *aff'd*, 617 F.2d 361 (4th Cir. 1980)); *Robinson v. W. Maryland Health Sys. Corp.*, Civ. No. DKC 10-3223, 2011 WL 2713462 (D. Md. July 8, 2011) ("This requirement applies to claims of medical negligence filed in federal court.").

---

[5]  It is of no moment that certain counts are referred to as "negligence" and others as "intentional negligence." Each count is premised on an alleged breach of duty as a claim for medical negligence.

As a result, Mrs. Haskins failure to meet the Act's administrative precondition "results in dismissal of the suit without prejudice." *Lewis,* 422 Md. at 650-51, 31 A.3d at 125 (citing *Kearney v. Berger*, 416 Md. 628, 668–69, 7 A.3d 593, 616–17 (2010)); *see also Redding v. Ameriprise Auto & Home Ins.*, Civ. No. DKC 11-3141, 2012 WL 1268327 (D. Md. Apr. 13, 2012) ("Indeed, a plaintiff's failure to satisfy [the administrative requirements] prior to bringing suit has long been held to require dismissal without prejudice, regardless of the circumstances.") (citing *Breslin v. Powell*, 421 Md. 266, 270, 26 A.3d 878, 881 (2011); *Tranen*, 304 Md. at 612, 500 A.2d 636).

## IV.

For the foregoing reasons, the Hospital's Motion to Dismiss the Amended Complaint [Docket No. 53] is **GRANTED WITHOUT PREJUDICE** and Mrs. Haskins's Motion for Default Judgment [Docket No. 54] is **DENIED**.

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
July 23, 2012                                    UNITED STATES DISTRICT JUDGE